UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHELL OFFSHORE INC.                             CIVIL ACTION

VERSUS                                          NUMBER: 17-09695

FREEPORT-MCMORAN OIL & GAS LLC                  SECTION: "M"(5)


# ORDER AND REASONS

Before the Court is the motion to compel jurisdictional discovery and production of documents filed by Plaintiff, Shell Offshore, Incorporated ("Shell"). (Rec doc. 88). The motion is opposed by Defendants, Freeport-McMoran Oil & Gas LLC and PXP Gulf Coast LLC ("Defendants"). (Rec. doc. 93). Shell filed a reply brief (rec. doc. 96) and the Court held oral argument October 3, 2018. (Rec. doc. 98).

This motion arises out of Defendants' motion to dismiss for lack of personal jurisdiction (rec doc. 62) and Shell's efforts to meet the arguments raised by Defendants therein. In ruling upon the motion to dismiss, the District Judge[1] found:

> Shell has requested leave, however, to conduct jurisdictional discovery in an effort to establish its alter ego theory of imputation. The Court is persuaded that Shell has made enough of a preliminary showing to have its request granted. If Shell can obtain evidence through discovery to enable it to establish personal jurisdiction based on its alter ego theory, the Court is persuaded that exercising jurisdiction over PXP would not offend traditional notions of fair play and substantial justice.

(Rec. doc. 76 at p. 10).

---

[1] The District Judge issuing this order was the Honorable Jay C. Zainey. The case has since been transferred to the Honorable Barry W. Ashe. (Rec. doc. 90).

Following through on the Court's order, Shell propounded numerous interrogatories, requests for admission, and requests for production of documents in search of support for its alter-ego theory of imputation. The Defendants answered that discovery in part, but objected to a great many requests as disproportionate to the needs of the case and outside what they believe is the proper scope of jurisdictional discovery in this case.

The present motion seeks complete responses to Shell's discovery requests. Shell argues that, according to the District Judge's order, it is entitled to conduct discovery on "*its alter ego theory of imputation*," which it says should be determined according to the "totality of the circumstances" under relevant Fifth Circuit and Louisiana state-court precedent. (Rec. doc. 96 at pp. 5-6). Defendants argue that the District Judge's inquiry on the alter-ego theory is limited to the seven-factor test set forth in *Hargrave v. Fibreboard Corporation*[2] and that Shell's discovery should be limited by those seven factors. (Rec. doc. 93). Shell responds that application of *Hargrave* is not as rigid as Defendants urge because the *Hargrave* factors are a "non-exhaustive" list of relevant factors to be considered; Shell cites a number of cases in which additional factors have been considered by courts analyzing alter-ego issues. (Rec. doc. 96 at pp. 5-6)(*citing Freudensprung v. Offshore Tech. Services, Inc.*, 379 F.3d 327, 346 (5th Cir. 2004); *Hardware Resources, Inc. v. Lama, D.D.*, No. 07-CV-1875, 2009 WL 3230596 at *5 (W.D. La. Sept. 30, 2009); *Laitram Machinery, Inc. v. Carnitech*, No. 92-CV-3841, 1993 WL 370624 at *2 (E.D. La. Sept. 10, 1993); *see also Huard v. Shreveport Pirates, Inc.,* 147 F.3d 406, 409–10 (5th Cir. 1998); *United States v. Jon-T Chemicals, Inc.*, 768 F.2d 686, 691–92 (5th Cir. 1985), *cert. denied*, 475 U.S. 1014, 106 S.Ct. 1194 (1986); *Shell Offshore Inc. v. Eni Petroleum US LLC*, No. 16-CV-15537, 2017 WL 3582486 at *5 (E.D. La. Aug. 17, 2017)).

---

[2] 710 F.2d 1154 (5th Cir. 1983).

Shell also argues that because this lawsuit was brought under the Outer Continental Shelf Lands Act ("OCSLA"), which contains a mandatory choice-of-law rule requiring application of the law of the adjacent state – here Louisiana, the Court would be well within precedent to apply the non-exhaustive 18-factor test of *Green v. Champion Insurance*[3] in determining the alter-ego issue in this case.

The Court has reviewed the subject discovery requests and Defendants' responses, along with the caselaw cited by the parties. Based upon that review and its consideration of the arguments of counsel in brief and at the hearing, the Court finds that the motion is well-taken and should be granted. It is clear to the Court that the District Judge intended to provide Shell every reasonable opportunity to obtain the information it needs to mount its alter-ego argument in response to Defendants' motion to dismiss. Upon review of the numerous cases cited and discussed by both parties (and listed above), it is clear to the Court that the discovery requests propounded by Shell are sufficiently tailored to that purpose. Whether the ultimate analysis conducted by the District Judge involves a seven-factor, 12-factor, or 18-factor test, it is clear to this Court that these "tests" are rarely if ever rigidly applied and there is substantial overlap between them.

This Court's task is not to make the final choice-of-law decision as to which test should be applied. This is a discovery motion in a case brought under the OCSLA, whose mandatory neighboring-state choice of law provision at a minimum makes possible the fact that the District Judge may look to the 18-factor test in *Green* to resolve the alter-ego issue. For this reason, the Court finds the contested discovery to be appropriate and will grant the motion to compel, with two exceptions.

---

[3] 577 So.2d 249, 257–58 (La. App. 1st Cir.), *writ denied*, 580 So.2d 668 (La. 1991).

The Court finds that interrogatory number 5 is overly broad and should be more narrowly tailored. Requesting "every monetary distribution or transfer of funds" for a six-year period from FMOG to a plethora of individuals and entities, including employees and attorneys, is far too broad to be acceptable. Shell must narrow the scope of this request.

Similarly, request for production number 32 is overly broad and must be narrowed. Complying with a request for documents "sufficient to show, generally, what ongoing business activities [Defendants] are conducting in the United States or elsewhere" is likely impossible and the Court will not order Defendants to undertake such a task. Relevant information sought in this request can be obtained via a more focused request for production and by deposition of the appropriate corporate representative(s).

New Orleans, Louisiana, this 10th day of October, 2018.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE